

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00588-CV

John M. **DONOHUE**,
Appellant

v.

Denise **MARTINEZ** and Martha Donohue,
Appellees

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-CI-22527
Honorable Peter Sakai, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
              Karen Angelini, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  September 26, 2018

DISMISSED

This is an attempted pro se appeal of a final judgment and an interlocutory order granting a plea to the jurisdiction. Appellant John M. Donohue ("Donohue") is a vexatious litigant subject to a prefiling order. Because Donohue has not complied with Chapter 11 of the Texas Civil Practice and Remedies Code, we dismiss this appeal.

Chapter 11 of the Texas Civil Practice and Remedies Code governs vexatious litigants in Texas. Under this statute, "[a] clerk of a court may not file a litigation, original proceeding, *appeal*, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order under Section

11.101 unless the litigant obtains an order from the appropriate administrative judge described in Section 11.102(a) permitting the filing." TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(a) (West 2017) (emphasis added). The statute applies to appeals filed in Texas appellate courts. The only exceptions provided by the statute are that a clerk of a court of appeals may file an appeal from a prefiling order entered under Section 11.101 designating a person a vexatious litigant or a timely filed writ of mandamus under Section 11.102. *See id*. § 11.103(d). Chapter 11 further describes the procedures courts must follow when litigation is mistakenly filed by a vexatious litigant. *See id*. § 11.1035(b). This procedure consists of dismissing the litigation unless the vexatious litigant demonstrates to the court that he has obtained an order from the appropriate administrative judge permitting the filing. *See id*.

Because the record filed in this court did not show that Donohue had obtained permission from the local administrative judge to file this appeal, we issued an order on August 28, 2018 notifying Donohue that his appeal would be dismissed unless he filed, within ten days of the date of that order, proof that he had obtained permission from the local administrative judge. Donohue responded with a "Response to Order Requiring Order from LAJ and/or Request for Extension of Time," arguing Chapter 11 does not apply to this appeal and, alternatively, requesting an additional "twenty working days" to obtain the local administrative judge's permission to file this appeal. On September 6, 2018, we issued an order granting Donohue an additional ten calendar days to obtain the local administrative judge's permission.

On September 10, 2018, the local administrative judge signed an order denying Donohue permission to file the present appeal, finding the appeal is lacking in merit and is being filed for purposes of harassment and delay. On September 12, 2018, Donohue filed a "Second Request for Extension of Time," requesting an additional "ten working days" to comply with this court's order because he has filed a motion for clarification and rehearing of the local administrative judge's

order. On September 14, 2018, the local administrative judge entered an order denying Donohue's motion for clarification and rehearing. On September 17, 2018, Donohue filed a "Request for Review of Order from LAJ Denying Clarification and Rehearing" in this court.

Because the local administrative judge has issued an order denying Donohue permission to file this appeal, we conclude this court does not have jurisdiction over Donohue's attempted appeal and dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f); *see also Moody v. Success Holding, LLC*, No. 01-17-00492-CV, 2018 WL 650274, at *2 (Tex. App.— Houston [1st Dist.] Feb. 1, 2018, no pet.) (mem. op.) (dismissing appeal where local administrative judge denied appellant's request to pursue appeal). Donohue's "Second Request for Extension of Time" and "Request for Review of Order from LAJ Denying Clarification and Rehearing" are also dismissed as moot.

PER CURIAM